Christian or Jewish creeds. The plaintiff apparently has founded a new system of religion based on a new creed. The name it has chosen indicates: First, the system of religion which it teaches; and, second, that it teaches that system through the medium of organizations known as churches. It surely is not in a position to successfully claim a monopoly of teaching this form of religious faith by means of organizations known by the generic names of churches.

The order appealed from must be affirmed, with costs. All concur.

---

### MEYER v. SCHULTE et al.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 186*)—PREFERENCE.

In an action by an assignee for the benefit of creditors for rent due when the assignment was made, defendant cannot counterclaim for damages from an eviction occurring two months after the assignment, since that would grant defendant a preference over the other creditors; the lease not having been adopted by the assignee.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 559–562; Dec. Dig. § 186.*]

2. LANDLORD AND TENANT (§ 172*) — COVENANT FOR QUIET ENJOYMENT — BREACH.

If the landlord's covenant for quiet enjoyment was made in consideration of a tenant's covenant to pay rent in advance, the tenant, after failing to pay rent in advance, cannot recover damages for eviction upon the covenant for quiet enjoyment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703;  Dec. Dig. § 172.*]

3. LANDLORD AND TENANT (§ 182*)—BREACH OF COVENANTS—WAIVER.

The demanding by the landlord of due and unpaid rent and recognizing the tenants as such was not a waiver of a breach of lessee's covenant to pay the rent in advance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 732–735;  Dec. Dig. § 182.*]

Appeal from Trial Term, New York County.

Action by Anton H. Meyer, assignee, against David A. Schulte and others, in which defendants filed a counterclaim. Judgment for plaintiff, and counterclaim dismissed, and defendants appeal. Affirmed. See, also, 143 N. Y. S. 1108, 1121.

The following is the opinion of Page, J., at Trial Term:

This is an action brought by an assignee for the benefit of creditors to recover rent due from the defendants to the plaintiff's assignor at the time of the assignment pursuant to a written lease. The defendants have interposed a counterclaim for damages suffered by reason of their having been evicted after the assignment to the plaintiff. The proof consists almost entirely of documentary evidence and raises no serious question of fact. The United States Restaurant & Realty Company held a long term lease of premises in New York City from the Henry Phipps Estates. It subleased a portion of these premises to the defendants for the term of nine years and four months ending September 1, 1918, at an annual rental of $15,000, payable in advance in equal monthly installments of $1,250. On April 7, 1910, the United States Restaurant & Realty Company made an assignment for the benefit of its cred-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

itors to the plaintiff. At the time of the assignment five monthly installments of rent under the lease were due from the defendants and unpaid, aggregating $6,250. On April 30, 1910, the Henry Phipps Estates elected to rescind the lease to the plaintiff's assignor because of its insolvency, pursuant to a provision of the said lease, and served a written notice to that effect upon the plaintiff and his assignor demanding possession of the premises. Thereafter, on the same day, the plaintiff made an arrangement with the Phipps Estates whereby he left the personal property of his assignor upon the premises and obtained permission to go upon them with his assistants to discharge his duties as assignee subject to removal upon ten days' notice. During this time the premises subleased by the plaintiff's assignor to the defendant were in the possession of subtenants holding leases from the defendant. In June, 1910, the Henry Phipps Estates, who were the owners of the property, commenced summary proceedings against the plaintiff's assignor, the defendants, and their subtenants in possession, as a result of which they were all dispossessed. The defendant's counterclaim is for damages alleged to have been suffered by reason of this eviction.

[1] If the claim is one against the plaintiff's assignor, then it cannot be allowed as a counterclaim in this action. The rent herein sued for was due on April 7, 1910, when it was assigned to the plaintiff. The eviction and resulting damage to the defendant had not occurred at that time and did not take place until two months later. To counterclaim these damages against the rent due on April 7th would be granting a preference to the defendant over the intervening rights of other creditors, and this the law will not permit. Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456. It is claimed for the defendants that the lease given by the United States Restaurant & Realty Company to them was assigned to the plaintiff by the general assignment of April 7th and was accepted and adopted by him with all its burdens and benefits, and that their claim for damages under the lease for their eviction is a claim against the plaintiff as assignee. Upon this point the proof fails to support the defendants' contention. The only evidence that the lease was ever adopted by the plaintiff is a statement made in the original complaint herein "that the plaintiff thereby became, and now is, the owner of said rent and said lease and of all rent accruing thereunder since the said 7th day of April, 1910." This was stricken out by an amendment of the complaint, and the counsel for the plaintiff explains that he originally inserted it under a mistaken impression of the legal effect of the assignment. This is not a statement of fact but a mere conclusion of law. It is not substantiated by any fact proved before me and cannot be regarded as an admission on the part of the plaintiff, especially when accompanied by its explanation. It does not appear that the plaintiff, as assignee, ever demanded any rent of the defendants for the period subsequent to April 7th or ever attempted to sell the lease, or did any other overt act to indicate the assumption of the status of landlord to the defendants. On the contrary, the lease under which plaintiff's assignor held was canceled and the plaintiff never became either the tenant of the Phipps Estates or the landlord of the defendants. The cases cited by the defendants holding that an assignee who continues to occupy the premises formerly held by his assignor under a lease for an unreasonable time after the assignment is held to have accepted the lease and is liable for rent are not in point, for the reason that in the case at bar the plaintiff's occupancy was shown to be that of a mere licensee from the owner for the purpose of discharging his duties and under an agreement to vacate upon ten days' notice. But if it were conceded that the plaintiff, as assignee, assumed the position of landlord to the defendants, I am still of the opinion that the defendants could not recover on their counterclaim, for the reason that they have not proved performance of the conditions precedent to their recovery. In their lease the defendants covenanted to pay $1,250 per month rent in advance, on the first of each month, and the lease provides: "And the said landlord doth covenant that the said tenant, on paying the said yearly rent and performing the covenants aforesaid, shall and may peacefully and quietly hold and enjoy the said demised premises for the term aforesaid." It is conceded that the defendants failed to pay the rent for over six months prior to their eviction.

[2] A fair interpretation of the lease leads to the conclusion that the payment of this rent in advance was the consideration for and the condition precedent to the plaintiff's covenant for quiet enjoyment. The defendants, having broken that condition, cannot recover on their covenant. There is no evidence of any act on the part of the plaintiff or his assignor which could be construed as a waiver of the breach of defendant's covenant to pay rent.

[3] Certainly demanding the unpaid rent and recognizing the defendants as tenants could not be construed as a waiver, because the breach is a continuing one and need not be availed of for the purpose of forfeiture. In view of the above conclusions, it is unnecessary to consider the questions raised concerning the measure and extent of the defendant's alleged damages. The plaintiff is entitled to a judgment for the amount of the five unpaid installments of rent, $6,250, with interest and costs, and the defendant's counterclaim should be dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Eisner, of New York City, for appellants.
A. Gordon, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs on the opinion of Page, J., at the Trial Term. Order filed.

---

HYNDS v. FOURTEENTH STREET STORE.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. LIBEL AND SLANDER (§ 123*)—LIBEL PER SE—PRESUMPTION.
    Where an article is libelous per se, and the defendant does not prove privilege, damages are presumed, and the only question for the jury is the amount of the damage; but, if an article be susceptible of more than one meaning and is not necessarily libelous per se, then that question is for the jury.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]

2. LIBEL AND SLANDER (§ 9*)—LIBELOUS PER SE—WHAT CONSTITUTES.
    Falsely to charge a person engaged in business with bankruptcy is libelous per se.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. § 9.*]

3. LIBEL AND SLANDER (§ 123*)—ACTIONS—JURY QUESTION.
    In a libel suit for falsely charging plaintiff with bankruptcy, the question whether the libel was directed against plaintiff *held* for the jury.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 356–364; Dec. Dig. § 123.*]
    Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by Therese Hynds against the Fourteenth Street Store. From a judgment dismissing the complaint at the close of the case, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes